K6T5vazP                      plea

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,                New York, N.Y.

           v.                            20 Cr. 154 (JSR)

CESAR VAZQUEZ,

               Defendant.

------------------------------x

                                         June 29, 2020
                                         4:00 p.m.

Before:

                 HON. JED S. RAKOFF,

                                    District Judge


                    APPEARANCES

AUDREY STRAUSS
     Acting United States Attorney for the
     Southern District of New York
BY:  THOMAS S. BURNETT
     Assistant United States Attorney

VIK PAWAR
     Attorney for Defendant

1             (Case called)
2             THE COURT:  This is Judge Rakoff.  Can everyone hear
3   me?
4             MR. PAWAR:  The defendant and his lawyer can hear you;
5   yes, your Honor.
6             MR. BURNETT:  Yes, your Honor.
7             THE COURT:  All right.  Will counsel please identify
8   themselves for the record?
9             MR. BURNETT:  This is Tom Burnett for the government.
10            MR. PAWAR:  Good afternoon, your Honor.  This is Vik
11  Pawar, on behalf of the defendant Mr. Cesar Vazquez, who is
12  standing to my left.
13            THE COURT:  Very good.
14            Because we are proceeding through the video let me
15  first confirm that defense counsel discussed with the defendant
16  proceeding through video conferencing, that both of you are in
17  agreement to that.
18            Is defense counsel in agreement with that?
19            MR. PAWAR:  Yes, your Honor.  I have discussed that
20  with the defendant and we are in agreement with that; yes.
21            THE COURT:  Mr. Vazquez, are you in agreement with
22  that as well?
23            THE DEFENDANT:  Yes, your Honor.
24            THE COURT:  Very good.
25            I would also note for the record that in an order,

1  standing order issued some time ago from Judge McMahon, she
2  specifically found that guilty pleas cannot be conducted in
3  person at this time without seriously jeopardizing public
4  health and safety.
5          Finally, I find that since the guideline range in this
6  case is zero to six months so there is a possibility of quite a
7  short sentence though I am not bound by the guidelines, this
8  particular case it would be harmful to the interests of justice
9  to further delay this plea.
10         So, against that background let me confirm from
11 defense counsel that the defendant wishes to plead guilty to
12 Count One of the indictment.
13         MR. PAWAR:  That's right, Judge.  The defendant wishes
14 to withdraw his guilty plea and enter a plea of guilty to Count
15 One.
16         THE COURT:  Mr. Vazquez, please raise your right hand.
17         (Defendant sworn)
18         THE COURT:  Very good.  So, I am going to have a lot
19 of questions for you so get close to the microphone.  First,
20 let me advise you that because you are under oath, anything
21 that you say that is knowingly false could subject you to
22 punishment for perjury or obstruction of justice and the making
23 of false statements.
24         Do you understand that?
25         THE DEFENDANT:  Yes, your Honor.

K6T5vazP                         plea

1           THE COURT:  Do you read, write, speak, and understand
2    English?
3           THE DEFENDANT:  Yes.
4           THE COURT:  How far did you go in school?
5           THE DEFENDANT:  I finished twelfth grade.  High
6    school.
7           THE COURT:  How old are you now?
8           THE DEFENDANT:  I am 25 years old.
9           THE COURT:  Have you ever been treated by a
10   psychologist or a psychiatrist?
11          THE DEFENDANT:  No, your Honor.
12          THE COURT:  Have you ever been hospitalized for any
13   mental illness?
14          THE DEFENDANT:  No, your Honor.
15          THE COURT:  Have you ever been treated or hospitalized
16   for alcoholism?
17          THE DEFENDANT:  No, your Honor.
18          THE COURT:  Have you ever been treated or hospitalized
19   for drug addiction?
20          THE DEFENDANT:  No, your Honor.
21          THE COURT:  Are you currently under the care of a
22   doctor for any reason?
23          THE DEFENDANT:  At the moment, no, your Honor.
24          THE COURT:  In the last 24 hours have you taken any
25   medicine or any pill of any kind?

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1         THE DEFENDANT:  No, your Honor.
2         THE COURT:  In the last 24 hours have you taken any
3    narcotic or any alcohol?
4         THE DEFENDANT:  No, your Honor.
5         THE COURT:  Is your mind clear today?
6         THE DEFENDANT:  Yes.
7         THE COURT:  Do you understand these proceedings?
8         THE DEFENDANT:  Yes.
9         THE COURT:  On the basis of the defendant's responses
10   to my questions, my observations of his demeanor, I find he is
11   fully competent to enter an informed plea at this time.
12        Now, you have a right to be represented by counsel at
13   every stage of this proceeding.
14        Do you understand that?
15        THE DEFENDANT:  Yes, your Honor.
16        THE COURT:  If at any point you can't afford counsel,
17   the Court will appoint one to represent you free of charge
18   throughout the proceedings.
19        Do you understand that?
20        THE DEFENDANT:  Yes, your Honor.
21        THE COURT:  You are represented by Mr. Blossner and
22   Mr. Pawar.  Are you satisfied with their representation?
23        THE DEFENDANT:  Yes, your Honor.
24        THE COURT:  Have you a full the opportunity to discuss
25   this matter with them?

1             THE DEFENDANT:  Yes, your Honor.

2             THE COURT:  Have you told them everything you know
3    about this matter?

4             THE DEFENDANT:  Yes, your Honor.

5             THE COURT:  Now, you previously entered a plea of not
6    guilty to indictment 20 crim 154 and you can continue with that
7    plea and go to trial, but I understand you wish to withdraw the
8    not guilty plea and plead guilty to the one count indictment.

9             Is that correct?

10            THE DEFENDANT:  Yes, your Honor.

11            THE COURT:  Before I can accept any plea of guilty I
12   need to make certain that you understand the rights that you
13   will be giving up if you plead guilty so I want to go over with
14   you now the rights that you will be giving up.

15            Do you understand that?

16            THE DEFENDANT:  Yes, your Honor.

17            THE COURT:  First, you have a right to a speedy and a
18   public trial by a jury on the charge against you.

19            Do you understand that?

20            THE DEFENDANT:  Yes, your Honor.

21            THE COURT:  Second, if there were a trial, you would
22   be presumed innocent and the government would be required to
23   prove your guilt beyond a reasonable doubt before you could be
24   convicted of any charge.

25            Do you understand that?

1           THE DEFENDANT:  Yes, your Honor.

2           THE COURT:  Third, at the trial you would have a right

3  to be represented by counsel and, once again, if you could not

4  afford counsel, the Court would appoint one to represent you

5  free of charge throughout the trial and all other proceedings.

6           Do you understand that?

7           THE DEFENDANT:  Yes, your Honor.

8           THE COURT:  Fourth, at a trial you would have the

9  right to see and hear all of the witnesses and other evidence

10 against you and your attorney could cross-examine the

11 government's witnesses, object to the government's evidence,

12 and could offer evidence on your own behalf, if you so desired,

13 and could have subpoenas issued to compel the attendance of

14 witnesses and other evidence on your behalf.

15          Do you understand all of that?

16          THE DEFENDANT:  Yes, your Honor.

17          THE COURT:  Next, at the trial you would have the

18 right to testify if you wanted to but no one could force you to

19 testify if you did not want to and no suggestion of guilt could

20 be held against you simply because you chose not to testify.

21          Do you understand that?

22          THE DEFENDANT:  Yes, your Honor.

23          THE COURT:  And, finally, even if you were convicted,

24 you would have the right to appeal your conviction.

25          Do you understand that?

1           THE DEFENDANT:  Yes.
2           THE COURT:  Now, do you understand that if you plead
3   guilty you will be giving up each and every one of the rights
4   we have just discussed?
5           Do you understand that?
6           THE DEFENDANT:  Yes, your Honor.
7           THE COURT:  Very good.  You have already gone over
8   with your lawyer indictment 20 criminal 154 charging you with
9   essentially wrongfully removing letters from a mail sorting
10  machine and opening the letters.
11          You have gone over that with your lawyer, yes?
12          THE DEFENDANT:  Yes, your Honor.
13          THE COURT:  Mr. Pawar, do you want the indictment read
14  again here or do you waive the reading?
15          MR. PAWAR:  I waive the reading, Judge.
16          THE COURT:  So, the maximum punishment you face,
17  Mr. Vazquez, if you plead guilty to this charge, is five
18  years -- up to five years' imprisonment, to be followed up to
19  three years supervised release to follow any imprisonment, also
20  a fine of whichever is greatest, either $250,000 or twice the
21  gross amount of the money derived from the crime or twice the
22  loss of to persons who are victims of the crime, whichever is
23  greatest; also, a $100 mandatory special assessment.
24          Do you understand that is the maximum fine that you
25  face?

K6T5vazP                          plea

1           THE DEFENDANT:  Yes, your Honor.
2           THE COURT:  Now, of course at this time I have no idea
3    what sentence I will impose but one of the things I will look
4    at are the Sentencing Guidelines which are certain laws that
5    recommend a range in which you may be sentenced although they
6    are not binding on the Court.
7           Have you gone over the guidelines with your lawyer?
8           THE DEFENDANT:  Yes, your Honor.
9           THE COURT:  In that connection I have been furnished
10   with a letter agreement which we will now mark as Court Exhibit
11   1 to today's proceeding, it takes the form of a letter dated
12   March 2, 2020 to defense counsel.  It appears, Mr. Vazquez,
13   that you signed it last Friday; is that right?
14          THE DEFENDANT:  Yes.
15          THE COURT:  Before signing it did you read it?
16          THE DEFENDANT:  Yes.
17          THE COURT:  Did you go over it with your lawyer?
18          THE DEFENDANT:  Yes, your Honor.
19          THE COURT:  Did you understand its terms?
20          THE DEFENDANT:  Yes, your Honor.
21          THE COURT:  Did you sign it in order to indicate your
22   agreement to its terms?
23          THE DEFENDANT:  Yes, your Honor.
24          THE COURT:  Now, this letter agreement is binding on
25   you and the government but it is not binding on me, it is not

K6T5vazP                         plea

binding on the Court.

    Do you understand that?

    THE DEFENDANT:  Yes, your Honor.

    THE COURT:  For example, this letter agreement says that you and the government have stipulated to a guideline range of zero to six months.  I may agree with that or I may disagree with that.  Even if I agree to that, I may sentence you to more than that but regardless of where I come out if you plead guilty, you will still be bound by my sentence.

    Do you understand that?

    THE DEFENDANT:  Yes, your Honor.

    THE COURT:  More generally, do you understand that if anyone has made any kind of promise, or prediction, or estimate, or representation to you of what your sentence will be in this case, that person could be wrong?  Nevertheless, if you plead guilty, you will still be bound by my sentence.

    Do you understand that?

    THE DEFENDANT:  Yes, your Honor.

    THE COURT:  Does the government represent that this letter agreement that we have now marked as Court Exhibit 1 is the entirety of any and all agreements between the government and Mr. Vazquez?

    MR. BURNETT:  Yes, your Honor.

    THE COURT:  Mr. Pawar, do you confirm that is correct?

    MR. PAWAR:  I confirm, your Honor; yes.

1            THE COURT:  And, Mr. Vazquez, do you confirm that is
2    correct?
3            THE DEFENDANT:  Yes, your Honor.
4            THE COURT:  Mr. Vazquez, other than the government,
5    has anyone else made any kind of promise or offered you any
6    inducement to get you to plead guilty in this case?
7            THE DEFENDANT:  No, your Honor.
8            THE COURT:  Has anyone threatened or coerced you in
9    any way to get you to plead guilty in this case?
10           THE DEFENDANT:  No, your Honor.
11           THE COURT:  Has the government represented if this
12   case were to go to trial it could, through competent evidence,
13   prove every essential element of this offense beyond a
14   reasonable doubt?
15           THE DEFENDANT:  Yes, your Honor.
16           THE COURT:  No, I was asking the government that.
17           THE DEFENDANT:  Sorry about that.
18           THE COURT:  That's all right.  That's okay.  I am glad
19   you agree too.
20           Does the government so confirm?  I think you are on
21   mute, Mr. Burnett.
22           MR. BURNETT:  My apologies.  Do you mind repeating the
23   question, your Honor?
24           THE COURT:  Yes.
25           Does the government represent that if this case were

1  to go to trial it could, through competent evidence, prove
2  every essential element of this charge beyond a reasonable
3  doubt?
4           MR. BURNETT:  Yes, your Honor.
5           THE COURT:  Does the government further confirm that
6  any and all writing material of any kind known to the
7  government has been furnished to defense counsel?
8           MR. BURNETT:  Yes, your Honor.
9           THE COURT:  Let me ask defense counsel, does defense
10 counsel know of any reason why his client should not plead
11 guilty?
12          MR. PAWAR:  No, Judge.  There is no reason why our
13 client should not plead guilty.
14          THE COURT:  Mr. Vazquez, in light of everything we
15 have now discussed, please tell me in your own words what you
16 did that makes you guilty of this crime.
17          THE DEFENDANT:  Your Honor, I was impeding the mail.
18 I was taking the envelopes and putting it in other locations.
19 I was slowing up the process.
20          THE COURT:  Well, you were a postal employee at the
21 time, yes?
22          THE DEFENDANT:  Yes.
23          THE COURT:  And you removed these letters from mail
24 sorting machines and trays?
25          THE DEFENDANT:  Yes.

1        THE COURT:  And you opened some of the letters, yes?
2        THE DEFENDANT:  Yes.
3        THE COURT:  And you knew that when you did that that
4    what you were doing was illegal and wrong, yes?
5        THE DEFENDANT:  Yes.
6        THE COURT:  All of this occurred in what borough?
7    Where was it that this occurred?
8        THE DEFENDANT:  This occurred in Morgan in the post
9    office; Manhattan.  30th and Eighth.
10       THE COURT:  Is there anything else regarding the
11   factual portion in the allocution -- I should ask, this
12   occurred in and around November 2019, yes?
13       THE DEFENDANT:  Yes, your Honor.
14       THE COURT:  Is there anything else regarding the
15   factual portion of the allocution that the government wishes
16   the Court to inquire about before I ask the defendant to
17   formally enter his plea?  Anything else from the government?
18       MR. BURNETT:  Nothing else from the government, your
19   Honor.
20       THE COURT:  Anything from defense counsel?
21       MR. PAWAR:  No, your Honor.
22       THE COURT:  And, Mr. Vazquez, in light of everything
23   we have now discussed, please tell me how do you plead to Count
24   One of indictment 20 criminal 154; guilty or not guilty?
25       THE DEFENDANT:  I plead guilty.

1    THE COURT:  Because the defendant has acknowledged his
2  guilt as charged, because he has shown that he understands his
3  rights, because his plea is entered knowingly and voluntarily
4  and is supported by independent basis in fact containing each
5  of the essential elements of the offense, I accept his plea and
6  adjudge him guilty of Count One of indictment 20 criminal 154.
7    Now, Mr. Vazquez, the next stage in this process is
8  that the probation office will prepare what is called a
9  presentence report to assist me in determining sentence and, as
10  part of that, you will be interviewed by the probation office,
11  probably telephonically.  You can have your counsel on the
12  phone or present at that interview but, under my practices, you
13  personally need to answer the questions put to you by the
14  probation officer.
15    Do you understand that?
16    THE DEFENDANT:  Yes, your Honor.
17    THE COURT:  After that report is in draft form but
18  before it is in final form, you and your counsel, also
19  government counsel, have the chance to review it and will offer
20  suggestions, corrections, and additions directly to the
21  probation officer who will then prepare the report in final to
22  come to me.  Independent of that, counsel for both sides are
23  hereby given leave to submit to the Court, in writing, any and
24  all materials bearing on any aspect of sentence provided those
25  materials are submitted no later than one week before sentence

K6T5vazP                      plea

and we will put the sentence down for, Linda?

　　　　　THE DEPUTY CLERK:  Wednesday, December 2nd at 4:00.

　　　　　THE COURT:  Wednesday, December 2nd, at 4:00 p.m.  All right?  Very good.

　　　　　Anything else we need to take up now?

　　　　　MR. PAWAR:  Yes, your Honor.

　　　　　I would like to make an application to extend Mr. Vazquez' bail and also he wanted to travel to see his friend in Florida -- I'm sorry -- California, not Florida, I apologize, from -- Judge, just one second, okay?

　　　　　THE COURT:  Yes, sure.

　　　　　(pause)

　　　　　MR. PAWAR:  Judge, to clarify.  He would like to be able to visit California from July 17th to July 20th, however I must let your Honor know that when my partner Mr. Burnett spoke with pretrial services, Officer Courtney Defeo did not have a problem with Mr. Vazquez traveling to Florida from July 9th through July 14th, actually she did not take a position, but now seems to have revised since my partner last spoke with Ms. Defeo.  So, I am asking that Mr. Vazquez be allowed to be permitted to travel to California from July 17th to July 20th, and all pretrial services asks for is if they can get a copy of the Court's order around that.

　　　　　THE COURT:  So before we deal with that, let me ask the Government, what are the current terms of release?  The

K6T5vazP                        plea

1   government is on mute again.
2           MR. PAWAR:  He had his face there before.  I don't
3   know if he lost us.
4           THE COURT:  Let me see if defense counsel knows.  What
5   is the current terms of release?
6           MR. PAWAR:  He is out on bail.
7           THE COURT:  I know that.  He is restricted to the
8   Southern and Eastern Districts of New York?
9           MR. PAWAR:  Judge, quite honestly, Mr. Blossner would
10  have known that but I imagine the fact that you are asking this
11  then, yes, he is restricted to the Southern and Eastern
12  Districts.
13          THE COURT:  That would be the standard term.  Okay.
14          So how are you going to get to California,
15  Mr. Vazquez?
16          THE DEFENDANT:  Flying.
17          THE COURT:  You are going to fly under these COVID-19
18  conditions?
19          THE DEFENDANT:  Well, I wanted to go to Miami, your
20  Honor, but the thing is in Miami is there is cases building up
21  on everything.  I heard yesterday 5,000 people had got
22  Coronavirus.
23          THE COURT:  Yes.
24          THE DEFENDANT:  I don't want to send myself to Miami
25  so I rather -- the guys I am going with, they work at the post

K6T5vazP                       plea

1      office, by the way, they supervisors.
2                THE COURT:  And where in California are you going?
3                THE DEFENDANT:  LAX.
4                THE COURT:  Yes, California is not as bad as Florida
5      but they're experiencing --
6                THE DEFENDANT:  It is not as bad as Florida.
7                THE COURT:  Okay.  Look.  It's your life, not mine, so
8      if you want to take that risk that's okay with me.  So, I
9      approve -- give me the dates again, Mr. Pawar.
10               MR. PAWAR:  July 17 to July 23.
11               THE COURT:  July 17 to July 23 is approved.  You have
12     to provide the probation officer, before you leave, with the
13     exact address of where you will be staying and a cell phone or
14     other communication device that they can reach you at if they
15     need to.  Okay?
16               THE DEFENDANT:  Okay, your Honor.  Yes.
17               THE COURT:  Okay.  Very good.
18               THE DEPUTY CLERK:  Judge, this is Linda.  The minute
19     entry from his bail application when he was first released on
20     his own recognizance because he was ordered to surrender all
21     travel documents and I don't know if he is going to need a
22     passport at this time to travel.
23               THE COURT:  I think that takes effect in September so
24     I think that's not a problem.
25               Okay.  Real good.  Anything else we need to take up

K6T5vazP                       plea

1  today?
2        MR. PAWAR:  Nothing for defendant, your Honor.
3        THE COURT:  And who knows whether the government is
4  still on the video but they haven't missed anything in this
5  last bit.  I gather they were on the video right up to the end
6  so that's fine.
7        Very good.  Thanks very much and we will terminate the
8  proceeding at this time.
9        MR. PAWAR:  Thank you, Judge.
10       THE COURT:  Thanks a lot.
11                              o0o