

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 24, 2020

**BY ECF**
The Honorable Jed S. Rakoff
500 Pearl Street
New York, New York 10007

      Re:    <u>United States</u> v. <u>Cesar Vazquez</u>, 20 Cr. 154 (JSR)

Dear Judge Rakoff:

      The Government respectfully submits this letter in advance of the December 2, 2020 sentencing of the defendant, Cesar Vazquez. The parties and the Probation Office agree that the applicable sentencing range under the United States Sentencing Guidelines (the "Guidelines") is a term of imprisonment of zero to six months. For the reasons set forth below, the Government respectfully submits that a term of imprisonment or probation within this range is sufficient but not greater than necessary to serve the purposes of sentencing.

      **I.**    **<u>Offense Conduct</u>**

      In the fall of 2019, the defendant abused his position as an employee with the United States Postal Service ("USPS") by repeatedly removing letters from the mail stream and opening them. The defendant first took a job at the USPS in April 2018. PSR ¶ 6. In the fall of 2018, he was assigned to work at the Manhattan USPS Processing and Distribution Center (the "Processing and Distribution Center"), which is the facility that processes mail destined for locations in Manhattan and the Bronx. *Id.*

      In mid-October, the USPS Postal Police informed the United States Postal Inspection Service ("USPIS") that an employee at the Processing and Distribution Center had discovered opened letters in a bathroom on the third floor of the facility. *Id.* ¶ 7. Consistent with that discovery, the USPIS began receiving reports from USPS employees that letters that had passed through the Processing and Distribution Center had arrived at USPS Post Offices already opened or damaged. *Id.* ¶ 8. The opened and damaged mail consisted primarily of colorful envelopes typically used to send holiday or birthday cards.

      Using USPS records, investigators at the USPIS were able to determine the sorting machine that the opened and damaged letters passed through at the Processing and Distribution Center. *Id.* ¶ 8. Those records showed that many of the opened letters had passed through machines that the defendant had operated. *Id.*

      After identifying the defendant as the likely culprit, inspectors from the USPIS conducted surveillance in late November 2019, so they could observe the defendant as he operated his

assigned sorting machine.  *Id.* ¶ 9.  The inspectors observed the defendant sifting through letters on the sorting machine, picking out the types of colorful envelopes typically used to send holiday or birthday cards, taking those letters to a secluded location between large racks of mail, and opening the letters.  *Id.* ¶ 9.  The inspectors then found approximately 18 opened letters on the mail racks where the defendant had been secretly opening letters.  *Id.*

## II. <u>Procedural History, Guilty Plea, and Applicable Guidelines Range</u>

On January 30, 2020, United States Magistrate Judge James L. Cott swore out a complaint charging Vazquez with one count of delaying or destroying the mail, in violation of 18 U.S.C. § 1703.  Dkt. 1.  The defendant was arrested and presented before Magistrate Judge Cott the following day, then released on a bond.  Dkt. 4.  On February 21, 2020, a grand jury returned an indictment, charging the defendant with the same crime charged in the complaint.  Dkt. 5.

On June 30, 2020, the defendant pled guilty pursuant to a plea agreement to delaying or destroying the mail, in violation of 18 U.S.C. § 1703.  That charge carries a maximum term of five years' imprisonment and three years' supervised release, a maximum fine of $250,000, and a $100 mandatory special assessment.  Pursuant to the plea agreement, the parties stipulated to a Guidelines calculation resulting in an offense level of four and a criminal history category of I.  Based upon that calculation, the parties further stipulated to a Guidelines range of zero to six months' imprisonment.  The Probation Office concurs in this calculation.  PSR ¶ 60.

## III. <u>Discussion</u>

### A. Applicable Law

While advisory, the Sentencing Guidelines remain "the starting point and the initial benchmark" for sentencing proceedings.  *Gall v. United States*, 552 U.S. 38, 49 (2007).  That is because the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions."  *Id.* at 46.  For that reason, "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances."  *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006).

In imposing a sentence, the Court must consider the factors set forth at 18 U.S.C. § 3553(a), which include the "the nature and circumstances of the offense and the history and characteristics of the defendant," *id.* § 3553(a)(1), and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," *id.* § 3553(a)(6).  The factors also include the "need for the sentence imposed" to (A) "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment"; (B) "afford adequate deterrence"; (C) "protect the public from further crimes of the defendant"; and (D) "provide . . . needed educational or vocational training, medical care, or other . . . treatment."  *Id.* § 3553(a)(2).

### B.  The Court Should Impose A Sentence Within The Guidelines Range

The Government respectfully requests that the Court impose a sentence within the stipulated Guidelines range of zero to six months.  Under the Guidelines, the sentence can be either a term of imprisonment or a term of probation.

A within-Guidelines sentence is appropriate in light of the nature and circumstances of the offense and is necessary to promote respect for the law.  As a postal employee, the defendant was entrusted with handling large quantities of mail flowing into New York City.  He abused that trust, removing letters from the mail stream, opening them, and rummaging through their contents.  The types of letters that the defendant picked—the colorful envelopes that typically contain holiday and birthday cards—suggest that his intention was to steal checks, cash, or other small gifts that people often send through the mail on special occasions.  While the Government is unaware of whether the defendant succeeded in his effort to find money, it is clear that his conduct is exactly the sort that undermines faith in the postal system, making people question whether they can trust the USPS to safely deliver gifts or other, more valuable items.

Imposing a within-Guidelines sentence also sends an important deterrent message.  The postal service is an important pipeline for commerce and communication.  Whenever someone puts a letter in the mail, they implicitly place their trust in the men and women who come into contact with that letter before it reaches its final destination.  A within-Guidelines sentence in this case is important to show USPS employees that breaches of that trust will be taken seriously and punished accordingly.

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney

By: /s/ Thomas Burnett
Thomas Burnett
Assistant United States Attorney
(646) 565-1633

2019.07.08